**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ROSEN TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>LENNOX INDUSTRIES INC.,<br><br>Defendant. | Civil Action No.: 3:22-cv-00732<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Lennox Industries Inc. ("Lennox" or "Defendant"), by its attorneys, hereby answers Plaintiff Rosen Technologies LLC's ("Rosen" or "Plaintiff") Second Amended Complaint filed on January 18, 2023 ("Second Amended Complaint") (ECF No. 49). Defendant denies all allegations in the Second Amended Complaint unless specifically admitted herein. Defendant reserves the right to raise additional defenses and counterclaims based on discovery and further factual investigation in this case. Defendant states as follows:

**SUMMARY**

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the Second Amended Complaint and, therefore, they are denied.

2. To the extent the allegations in Paragraph 2 of the Second Amended Complaint set forth legal conclusions, no response is required. Defendant admits that it has marketed, offered, and distributed its iComfort Wi-Fi thermostat products throughout the United States, including in this district. Defendant denies all allegations of infringement. Defendant denies any remaining allegations set forth in Paragraph 2 of the Second Amended Complaint.

3. To the extent the allegations in Paragraph 3 of the Second Amended Complaint set forth legal conclusions, no response is required. Defendant denies the allegations set forth in Paragraph 3 of the Second Amended Complaint.

**NATURE OF THE ACTION**

4. Defendant admits that the Second Amended Complaint purports to bring a civil action under 35 U.S.C. § 1 *et seq*. Defendant denies all allegations of infringement. Defendant denies any remaining allegations set forth in Paragraph 4 of the Second Amended Complaint.

5. To the extent the allegations in Paragraph 5 of the Second Amended Complaint set forth legal conclusions, no response is required. Defendant denies the allegations set forth in Paragraph 5 of the Second Amended Complaint.

6. To the extent the allegations in Paragraph 6 of the Second Amended Complaint set forth legal conclusions, no response is required. Defendant denies that the Asserted Patents were duly and legally issued. Defendant denies that it has committed any acts of infringement with respect to any asserted patent and, therefore, denies any injury to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Rosen owns the asserted patents and therefore denies that allegation. Defendant denies any remaining allegations set forth in Paragraph 6 of the Second Amended Complaint.

**PLAINTIFF'S ALLEGATIONS REGARDING THE PARTIES**

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of the Second Amended Complaint and therefore denies them.

8. Defendant admits that Lennox is a corporation organized and existing under the laws of Delaware, with a place of business at 2100 Lake Park Blvd., Richardson, TX 75080. Defendant admits that Lennox may be served via its registered agent, Corporation Service

Company, 251 Little Falls Drive, Wilmington, DE, 19808. Defendant denies any remaining allegations set forth in Paragraph 8 of the Second Amended Complaint.

9. Defendant denies the allegations set forth in Paragraph 9 of the Second Amended Complaint.

**PLAINTIFF'S ALLEGATIONS REGARDING JURISDICTION AND VENUE**

10. Defendant admits that the Complaint purports to state a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. Defendant admits that this Court has subject-matter jurisdiction over patent actions under 28 U.S.C. §§ 1331 and 1338(a). Defendant specifically denies that any of its actions give rise to a claim for patent infringement. Defendant denies all allegations of infringement and denies any remaining allegations of Paragraph 10 of the Second Amended Complaint.

11. To the extent the allegations in Paragraph 11 of the Second Amended Complaint set forth legal conclusions, no response is required. Defendant does not challenge the Court's personal jurisdiction over the Defendant for purposes of this action. Defendant admits that it does business in this District. Defendant admits that it has a regular place of business in the district and transacts business in the Northern District of Texas. Defendant specifically denies that it has engaged in any infringing activities with respect to any asserted patent in this District or elsewhere and, therefore, denies any injury to Plaintiff. Defendant denies any remaining allegations of Paragraph 11 of the Second Amended Complaint.

12. Defendant denies that it has engaged in any infringing activities with respect to any asserted patent in this District or elsewhere. Defendant denies any remaining allegations of Paragraph 12 of the Second Amended Complaint.

13. To the extent the allegations in Paragraph 13 of the Second Amended Complaint set forth legal conclusions, no response is required. Defendant does not challenge venue in this

Court for purposes of this action. Defendant admits that it has a regular and established place of business in this District at 2100 Lake Park Blvd., Richardson, TX 75080. Defendant denies any remaining allegations of Paragraph 13 of the Second Amended Complaint.

**PATENTS IN SUIT**

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Second Amended Complaint and therefore denies them.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Second Amended Complaint and therefore denies them.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Second Amended Complaint and therefore denies them.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Second Amended Complaint and therefore denies them.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Second Amended Complaint and therefore denies them.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the Second Amended Complaint and therefore denies them.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth

of the allegations contained in Paragraph 20 of the Second Amended Complaint and therefore denies them.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Second Amended Complaint and therefore denies them.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Second Amended Complaint and therefore denies them.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Second Amended Complaint and therefore denies them.

**U.S. Patent No. 6,619,555**

24. Defendant admits that, on its face, U.S. Patent No. 6,619,555 ("the '555 Patent") is entitled "Thermostat System Communicating With A Remote Correspondent For Receiving And Displaying Diverse Information," and lists an issue date of September 16, 2003. Defendant admits that a copy of a document purporting to be the '555 Patent is attached as Exhibit A to the Second Amended Complaint. Defendant denies any remaining allegations of Paragraph 24 of the Second Amended Complaint.

25. Defendant admits that, on its face, the '555 Patent lists a filing date of February 13, 2002, and was filed as U.S. Patent Application No. 10/075,886. Defendant denies any remaining allegations of Paragraph 24 of the Second Amended Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Second Amended Complaint and therefore

denies them.

27. Defendant denies that the ’555 Patent is valid or enforceable. Defendant denies any remaining allegations of Paragraph 27 of the Second Amended Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Second Amended Complaint.

29. Defendant denies that the ’555 Patent “address[ed] one or more shortcomings of these existing thermostats.” Defendant denies any remaining allegations set forth in Paragraph 29 of the Second Amended Complaint.

**U.S. Patent No. 6,789,739**

30. Defendant admits that, on its face, U.S. Patent No. 6,789,739 (“the ’739 Patent”) is entitled “Thermostat System With Location Data,” and lists an issue date of September 14, 2004. Defendant admits that a copy of a document purporting to be the ’739 Patent is attached as Exhibit B to the Second Amended Complaint. Defendant denies any remaining allegations of Paragraph 30 of the Second Amended Complaint.

31. Defendant admits that, on its face, the ’739 Patent lists a filing date of November 4, 2002, and was filed as U.S. Patent Application No. 10/287,677. Defendant denies any remaining allegations of Paragraph 31 of the Second Amended Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 of the Second Amended Complaint and therefore denies them.

33. Defendant denies that the ’739 Patent is valid or enforceable. Defendant denies any remaining allegations of Paragraph 33 of the Second Amended Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Second Amended

Complaint.

35. Defendant denies that the ’739 Patent “address[ed] one or more shortcomings of these existing thermostats.” Defendant denies any remaining allegations set forth in Paragraph 35 of the Second Amended Complaint.

**U.S. Patent No. 7,156,318**

36. Defendant admits that, on its face, U.S. Patent No. 7,156,318 (“the ’318 Patent”) is entitled “Programmable Thermostat Incorporating A Liquid Crystal Display Selectively Presenting Adaptable System Menus Including Changeable Interactive Virtual Buttons,” and lists an issue date of January 2, 2007. Defendant admits that a copy of a document purporting to be the ’318 Patent is attached as Exhibit C to the Second Amended Complaint. Defendant denies any remaining allegations of Paragraph 36 of the Second Amended Complaint.

37. Defendant admits that, on its face, the ’318 Patent lists a filing date of September 3, 2003, and was filed as U.S. Patent Application No. 10/654,235. Defendant denies any remaining allegations of Paragraph 37 of the Second Amended Complaint.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38 of the Second Amended Complaint and therefore denies them.

39. Defendant denies that the ’318 Patent is valid or enforceable. Defendant denies any remaining allegations of Paragraph 39 of the Second Amended Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of the Second Amended Complaint.

41. Defendant denies that the ’318 Patent “address[ed] one or more shortcomings of these existing thermostats.” Defendant denies any remaining allegations set forth in Paragraph 41

of the Second Amended Complaint.

**U.S. Patent No. 7,185,825**

42. Defendant admits that, on its face, U.S. Patent No. 7,185,825 ("the '825 Patent") is entitled "Programmable Thermostat Employing A Fail Safe Real Time Clock," and lists an issue date of March 6, 2007. Defendant admits that a copy of a document purporting to be the '825 Patent is attached as Exhibit D to the Second Amended Complaint. Defendant denies any remaining allegations of Paragraph 42 of the Second Amended Complaint.

43. Defendant admits that, on its face, the '825 Patent lists a filing date of June 4, 2004, and was filed as U.S. Patent Application No. 10/875,579. Defendant denies any remaining allegations of Paragraph 43 of the Second Amended Complaint.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 44 of the Second Amended Complaint and therefore denies them.

45. Defendant denies that the '825 Patent is valid or enforceable. Defendant denies any remaining allegations of Paragraph 45 of the Second Amended Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Second Amended Complaint.

47. Defendant denies that the '318 Patent "address[ed] one or more shortcomings of these existing thermostats." Defendant denies any remaining allegations set forth in Paragraph 47 of the Second Amended Complaint.

**U.S. Patent No. 7,232,075**

48. Defendant admits that, on its face, U.S. Patent No. 7,232,075 ("the '075 Patent") is entitled "Thermostat System With Touchscreen With User Interfaces Or Operational Algorithms

Via A Remote Correspondent," and lists an issue date of June 19, 2007. Defendant admits that a copy of a document purporting to be the '075 Patent is attached as Exhibit E to the Second Amended Complaint. Defendant denies any remaining allegations of Paragraph 48 of the Second Amended Complaint.

49. Defendant admits that, on its face, the '075 Patent lists a filing date of January 19, 2005, and was filed as U.S. Patent Application No. 11/039,180. Defendant denies any remaining allegations of Paragraph 49 of the Second Amended Complaint.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 50 of the Second Amended Complaint and therefore denies them.

51. Defendant denies that the '075 Patent is valid or enforceable. Defendant denies any remaining allegations of Paragraph 51 of the Second Amended Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of the Second Amended Complaint.

53. Defendant denies that the '075 Patent "address[ed] one or more shortcomings of these existing thermostats." Defendant denies any remaining allegations set forth in Paragraph 53 of the Second Amended Complaint.

**PLAINTIFF'S ALLEGED CAUSES OF ACTION:**

**COUNT I**
**(Plaintiff's Allegations Regarding Infringement of the '555 Patent)**

54. Defendant incorporates by reference its responses to the preceding paragraphs of the Second Amended Complaint. Defendant denies any remaining allegations of Paragraph 54 of the Second Amended Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Second Amended

Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of the Second Amended Complaint.

57. Defendant admits that it has had actual knowledge of the ’555 Patent since on or around the filing date of Plaintiff’s Original Complaint on March 31, 2022. Defendant denies any remaining allegations of Paragraph 57 of the Second Amended Complaint.

58. Defendant denies the allegations set forth in Paragraph 58 of the Second Amended Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of the Second Amended Complaint.

60. Defendant denies the allegations set forth in Paragraph 60 of the Second Amended Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of the Second Amended Complaint.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62 of the Second Amended Complaint and therefore denies them.

63. Defendant denies the allegations set forth in Paragraph 63 of the Second Amended Complaint.

**COUNT II**
**(Plaintiff’s Allegations Regarding Infringement of the ’739 Patent)**

64. Defendant incorporates by reference its responses to the preceding paragraphs of the Second Amended Complaint. Defendant denies any remaining allegations of Paragraph 64 of the Second Amended Complaint.

65. Defendant denies the allegations set forth in Paragraph 65 of the Second Amended Complaint.

66. Defendant denies the allegations set forth in Paragraph 66 of the Second Amended Complaint.

67. Defendant admits that it has had actual knowledge of the ’739 Patent since on or around the filing date of Plaintiff’s Original Complaint on March 31, 2022. Defendant denies any remaining allegations of Paragraph 67 of the Second Amended Complaint.

68. Defendant denies the allegations set forth in Paragraph 68 of the Second Amended Complaint.

69. Defendant denies the allegations set forth in Paragraph 69 of the Second Amended Complaint.

70. Defendant denies the allegations set forth in Paragraph 70 of the Second Amended Complaint.

71. Defendant denies the allegations set forth in Paragraph 71 of the Second Amended Complaint.

72. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 72 of the Second Amended Complaint and therefore denies them.

73. Defendant denies the allegations set forth in Paragraph 73 of the Second Amended Complaint.

**COUNT III**
**(Plaintiff’s Allegations Regarding Infringement of the ’318 Patent)**

74. Defendant incorporates by reference its responses to the preceding paragraphs of the Second Amended Complaint. Defendant denies any remaining allegations of Paragraph 74 of

the Second Amended Complaint.

75. Defendant denies the allegations set forth in Paragraph 75 of the Second Amended Complaint.

76. Defendant denies the allegations set forth in Paragraph 76 of the Second Amended Complaint.

77. Defendant admits that it has had actual knowledge of the ’318 Patent since on or around the filing date of Plaintiff’s Original Complaint on March 31, 2022. Defendant denies any remaining allegations of Paragraph 77 of the Second Amended Complaint.

78. Defendant denies the allegations set forth in Paragraph 78 of the Second Amended Complaint.

79. Defendant denies the allegations set forth in Paragraph 79 of the Second Amended Complaint.

80. Defendant denies the allegations set forth in Paragraph 80 of the Second Amended Complaint.

81. Defendant denies the allegations set forth in Paragraph 81 of the Second Amended Complaint.

82. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 82 of the Second Amended Complaint and therefore denies them.

83. Defendant denies the allegations set forth in Paragraph 83 of the Second Amended Complaint.

**COUNT IV**
**(Plaintiff’s Allegations Regarding Infringement of the ’825 Patent)**

84. Defendant incorporates by reference its responses to the preceding paragraphs of

the Second Amended Complaint. Defendant denies any remaining allegations of Paragraph 84 of the Second Amended Complaint.

85. Defendant denies the allegations set forth in Paragraph 85 of the Second Amended Complaint.

86. Defendant denies the allegations set forth in Paragraph 86 of the Second Amended Complaint.

87. Defendant admits that it has had actual knowledge of the ’825 Patent since on or around the filing date of Plaintiff’s Original Complaint on March 31, 2022. Defendant denies any remaining allegations of Paragraph 87 of the Second Amended Complaint.

88. Defendant denies the allegations set forth in Paragraph 88 of the Second Amended Complaint.

89. Defendant denies the allegations set forth in Paragraph 89 of the Second Amended Complaint.

90. Defendant denies the allegations set forth in Paragraph 90 of the Second Amended Complaint.

91. Defendant denies the allegations set forth in Paragraph 91 of the Second Amended Complaint.

92. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 92 of the Second Amended Complaint and therefore denies them.

93. Defendant denies the allegations set forth in Paragraph 93 of the Second Amended Complaint.

**COUNT V**
**(Plaintiff's Allegations Regarding Infringement of the '075 Patent)**

94. Defendant incorporates by reference its responses to the preceding paragraphs of the Second Amended Complaint. Defendant denies any remaining allegations of Paragraph 94 of the Second Amended Complaint.

95. Defendant denies the allegations set forth in Paragraph 95 of the Second Amended Complaint.

96. Defendant denies the allegations set forth in Paragraph 96 of the Second Amended Complaint.

97. Defendant admits that it has had actual knowledge of the '075 Patent since on or around the filing date of Plaintiff's Original Complaint on March 31, 2022. Defendant denies any remaining allegations of Paragraph 97 of the Second Amended Complaint.

98. Defendant denies the allegations set forth in Paragraph 98 of the Second Amended Complaint.

99. Defendant denies the allegations set forth in Paragraph 99 of the Second Amended Complaint.

100. Defendant denies the allegations set forth in Paragraph 100 of the Second Amended Complaint.

101. Defendant denies the allegations set forth in Paragraph 101 of the Second Amended Complaint.

102. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 102 of the Second Amended Complaint and therefore denies them.

103. Defendant denies the allegations set forth in Paragraph 103 of the Second Amended

Complaint.

**PLAINTIFF'S PRAYER FOR RELIEF**

104. Defendant denies the allegations contained in Plaintiff's Prayer for Relief. Defendant further denies that Plaintiff is entitled to any relief whatsoever, including any of the relief sought in paragraphs (A)-(F) of Plaintiff's Prayer for Relief. Plaintiff's Prayer for Relief should, therefore, be denied in its entirety with prejudice, and Plaintiff should take nothing.

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

105. Defendant admits that the Second Amended Complaint sets forth a demand for a jury trial.

**DEFENSES**

Further answering the Second Amended Complaint and as additional defenses thereto, Defendant asserts the following defenses. Defendant reserves the right to add additional defenses and/or supplement its defenses as its investigation continues and as discovery progresses. Defendant therefore reserves its right to amend this Answer.

**FIRST DEFENSE: NONINFRINGEMENT**

1. Lennox does not infringe and has not infringed any valid, enforceable claim of the '555, '739, '318, '825 or '075 patents, either directly, indirectly, contributorily, literally, through the doctrine of equivalents, willfully, or otherwise, and has not induced others to infringe the '555, '739, '318, '825 or '075 patents. For example, the accused acts and Accused Products do not include all limitations of at least the asserted independent claims of the '555, '739, '318, '825 or '075 patents.

**SECOND DEFENSE: INVALIDITY**

2. The '555, '739, '318, '825 and '075 patents are invalid for failure to meet one or more conditions of patentability specified in Title 35 of the United States Code, including, but not

limited to §§ 101, 102, 103, and/or 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code. For example, at least the prior art listed on the face of the ’555 Patents and identified in the specification of the ’555 Patent, as well as additional materials, constitute prior art to the ’555, ’739, ’318, ’825 and ’075 patents. As another example, one or more claims of the ’555, ’739, ’318, ’825 and/or ’075 patents are invalid under 35 U.S.C. §§ 102 and 103 because one or more prior art references, including without limitation the prior art references referred to above and identified in Defendant’s invalidity contentions, either alone or in combination, disclose one or more claims of the ’555, ’739, ’318, ’825 and/or ’075 patents; and/or the alleged inventions claimed therein would have been obvious to one having ordinary skill in the art. Also, one or more claims of the ’555, ’739, ’318, ’825 and ’075 patents are also invalid under 35 U.S.C. § 112(a) and (b) for lack of written description, lack of enablement, and/or because the claims are without reasonably certain scope and are therefore indefinite. In addition, one or more claims of the ’555, ’739, ’318, ’825 and ’075 patents are invalid for reciting patent ineligible subject matter under 35 U.S.C § 101.

**THIRD DEFENSE: UNEFORCEABILITY DUE TO INEQUITABLE CONDUCT**

3. The ’318 patent is unenforceable due to inequitable conduct during the prosecution of the patent, the relevant facts and circumstances of which are set forth below. The ’318 patent is unenforceable as a result of inequitable conduct by the sole inventor and Applicant of the Asserted Patents, Mr. Rosen, as well as possibly his attorney(s), and/or his agent(s) and/or other person(s) involved in the preparation and/or prosecution of U.S. Patent No. 6,824,069 (the “’069 Patent”), disclaimed by the patentee on February 22, 2005, and the ’318 Patent, which, as originally filed, claimed priority to the ’069 Patent.

4. Mr. Rosen, as the sole inventor of the ’318 Patent, and those who were substantively involved with the prosecution of the ’318 Patent, were subject to the duty of disclosure under 37 C.F.R. § 1.56. The attorney that prosecuted the ’318 Patent was subject to the duty of disclosure.

5. Title 37 of the Code of Federal Regulations § 1.56 imposes a duty of good faith and candor on each person associated with the filing and prosecution of a patent application before the USPTO. The duty imposed by section 1.56 requires applicants and their prosecuting agents and attorneys to disclose to the USPTO all information material to the patentability of the application under examination. Failure to disclose material information, or making material misrepresentations to the USPTO, with an intent to deceive, constitutes inequitable conduct and renders the affected patents unenforceable.

6. The individuals associated with the filing and prosecution of the ’318 Patent (including at least Mr. Rosen and the patentee’s prosecution counsel, David Bracken) committed inequitable conduct on the Patent Office by intentionally withholding known material prior art from the USPTO. For example, despite knowing of the materiality of the Cardio System to both the claims of the ’069 Patent and ’318 Patent, neither Mr. Rosen nor Mr. Bracken disclosed the Cardio System or the statements characterizing the Cardio System made in the patentee’s disclaimer of all claims of the ’069 Patent to the USPTO during prosecution of the ’318 Patent. On information and belief, Mr. Rosen and Mr. Bracken did not disclose the Cardio System or the ’069 Patent disclaimer to the USPTO during prosecution of the ’318 Patent for the specific purpose of and intent to deceive the USPTO into issuing the ’318 Patent.

7. For example, on information and belief, Mr. Rosen’s and Mr. Bracken’s inequitable conduct comprised intentional misrepresentations and/or omissions including, without limitation, the failure to disclose a relevant statutory disclaimer during prosecution in breach of the duty of

candor and good faith required by 37 C.F.R. § 1.56, with the intent to deceive the Examiner. Specifically, and as pled in additional detail in the subsequent paragraphs of this defense, Inventor and Applicant, Mr. Rosen, prosecuting attorney, David Bracken, as well as possibly other person(s) involved in the preparation and/or prosecution of the ’318 Patent, were aware of a statutory disclaimer entered in the ’069 patent disclaiming it in its entirety in light of admitted highly-relevant and anticipatory prior art. An example of this art—the Secant Cardio home automation system (the “Cardio System”), a product of Domotique Secant Inc.—was on-sale, sold and used in the United States at least as early as 1995 and is thus prior art to both the ’318 patent and the’069 patent, as admitted by the patentee. *See* Ex. 1, Statement Supplementing Statutory Disclaimer at 1; *see also* Ex. 2, Deposition of Mr. Rosen at 193:3-15.

**Prosecution History**

8. Mr. Rosen, through his attorney, applied for U.S. Patent Application No. 10/060,768 on January 30, 2002. This application issued as U.S. Patent No. 6,824,069, titled “Programmable Thermostat System Employing a Touch Screen Unit for Intuitive Interactive Interface With a User,” on November 30, 2004. Mr. Rosen was the sole inventor and applicant on the ’069 patent.

9. On February 7, 2005, an Information Disclosure Statement and accompanying remarks were entered during prosecution of the ’318 patent. The IDS disclosed various domestic patents, foreign patents, and non-patent literature, including the Cardio Manual. A preliminary amendment to the specification as well as a disclaimer of priority to the ’069 Patent was also entered on February 7, 2005 during the prosecution of the ’318 Patent.

10. Given the filing of the IDS and disclaimer of priority filed in the prosecution the ‘069 Patent, both Mr. Rosen and his attorney were well aware of the materiality of the Cardio System and of the disclaimer filed as to the ‘069 patent.

11. On February 28, 2005, a statutory disclaimer, statement supporting statutory disclaimer, declaration of inventor Mr. Rosen, and declaration of Jean Francois Boileau were entered during prosecution of the ’069 patent. The disclaimer and documents referenced in this paragraph centered on the Cardio System in particular which Mr. Rosen and Jean Francois Boileau admit in sworn declarations has been on sale since at least 1995. *See* Ex. 1, Statutory Disclaimer and Declaration of Mr. Rosen at 1; *id.*, Declaration of Jean Francois Boileau at 1.

12. The Statement Supplementing Statutory Disclaimer filed for the ’069 patent was filed during the pendency of the application leading to the ’318 patent. The disclaimer disclaimed all claims of U.S. Patent No. 6,824,069. The Statement Supplementing Statutory Disclaimer attached as Exhibit 1 explains that “[t]he reason for entering this Disclaimer is that newly-discovered prior art … appears to fully anticipate the invention disclosed and claimed in the subject patent. The prior art ‘Cardio’ system manufactured and sold by Domotique Secant Inc., was among a large group of references brought to the attention of Mr. Rosen by counsel for Honeywell, Inc. during discussions relating to a request for Interference by Honeywell, Inc. between Mr. Rosen’s U.S. Patent No. 6,824,069 and Honeywell Application Serial No. 10/453,027. Mr. Rosen’s further personal investigation of the import of the Cardio system led to his discovery that the Cardio system itself had been on-sale, sold and used in the United States at least as early as 1995. Accordingly, it was deemed “ethically necessary” to enter the Disclaimer.” Ex. 1, Statement Supplementing Statutory Disclaimer at 1.

13. Mr. Rosen expressly admitted that the Cardio System anticipated and made obvious the claims of the ’069 patent. Ex. 1, Statement Supplementing Statutory Disclaimer at 1; *id.*, Statutory Disclaimer and Declaration of Mr. Rosen at ¶ 6. Moreover, Mr. Rosen has recently affirmatively agreed that he “felt it was ethically necessary to do a disclaimer” because the “’069 patent was similar enough to Cardio.” Ex. 2, Deposition of Mr. Rosen at 206:23-209:16.

14. Inventor Mr. Rosen admitted in his declaration accompanying the disclaimer that “[t]he claims of US Patent No. 6,824,069 are anticipated and made obvious by the disclosure and use of the ‘Cardio’ product and its ‘Cardio manual,’ proven to me to have had an effective publication and public use date since 1995.”

15. Mr. Rosen, through his attorney, applied for U.S. Patent Application No. 10/654,235 on September 3, 2003. This application issued as U.S. Patent No. 7,156,318, on January 2, 2007. This application originally claimed priority to U.S. Patent No. 6,824,069. The statutory disclaimer, statement supporting statutory disclaimer, declaration of inventor Mr. Rosen, and declaration of Jean Francois Boileau entered in the ’069 Patent were never disclosed to the USPTO, despite the inventor and prosecution counsel’s awareness and submission of the disclaimer and declarations.

**The Cardio System and Disclaimer Known by Rosen/Bracken are Both Material to the ’318 Patent**

16. The claims of the ‘069 patent Mr. Rosen admitted were anticipated by the Cardio System and disclaimed by the statutory disclaimer are commensurate in scope to the claims in the ’318 Patent. For example, the color-coded boxes below depict the similarities between Claims 1 of the respective patents:

| ’069 Patent Claim 1: | ’318 Patent Claim 1: |
|---|---|
| 1. A programmable thermostat system for controlling space conditioning equipment comprising: | 1. A programmable thermostat system for controlling space conditioning equipment comprising: |
| A) a temperature sensor for providing an electrical signal indicative of the temperature of a conditioned space in which the temperature sensor is situated; | A) at least one environmental condition sensor providing an electrical signal indicative of the ambient temperature of a conditioned space in which said environmental condition sensor is situated; |
| B) a transparent touch pad juxtaposed over a liquid crystal display to constitute a touch screen for interactive interface with a user; | B) a transparent touch pad juxtaposed with a liquid crystal display to constitute a touch screen for interactive interface with a user; |
| C) a processor, said processor including:<br>1) a central processing unit;<br>2) a real time clock;<br>3) a memory coupled to said central processing unit for storing program and data information; and | C) a processor, said processor including:<br>1) a central processing unit;<br>2) a real time clock;<br>3) a memory coupled to said central processing unit for storing program and data information; and |
| 4) an input/output unit coupled between said processor and said touch screen for carrying out information transfer therebetween, said input/output unit further including:<br>a) a sensor input coupled to said temperature sensor for receiving said electrical signal therefrom; and<br>b) a control output coupled to the space conditioning equipment for issuing control signals thereto; and | 4) an input/output unit coupled between said processor and said touch screen for carrying out information transfer therebetween, said input/output unit further including:<br>a) a sensor input coupled to each said environmental condition sensors for receiving said electrical signal therefrom; and<br>b) a control output coupled to the space conditioning equipment for issuing control signals thereto; and |
| D) a program stored in said memory for causing said central processing unit to communicate through said input/output unit to selectively: | D) a control program stored in said memory for causing said central processing unit to communicate through said input/output unit to selectively: |
| 1)a) establish on said liquid crystal display a representation of at least one button at a first predetermined position on the liquid crystal display; | 1) establish on said liquid crystal display: |

| | |
|---|---|
| | a) a representation of a first virtual button at a first predetermined position on the liquid crystal display; and<br><br>b) a first legend indicative of a first control function of said thermostat, which first control function is for controlling a first space conditioning equipment component, which first control function is active when the first legend is viewable; |
| 1)b) read the position on the touch pad juxtaposed with said first predetermined position on the liquid crystal display to determine if the representation of said at least one button has been touched; and | 2) read the position on the touch pad juxtaposed with said first predetermined position on said liquid crystal display to determine if the representation of said first virtual button has been touched; |
| 1)c) if said at least one representation of a button has been touched, making a predetermined response thereto; and | 3) if the first virtual button has been touched: |
| 2)a) periodically read said electrical signal from said temperature sensor;<br><br>2)b) in response to the value of the electrical signal read in step D)2)a) determining if at least one control signal to the space conditioning equipment is required in order to maintain the temperature in the conditioned space within a predetermined range; and | a) determining that the thermostat has been directed to control a second space conditioning equipment component; |
| 2)c) if it determined in step D)2)b) that said at least one signal is required, issuing said at least one control signal. | b) activating a second control function for controlling the second space conditioning equipment component; and |
| | c) displaying on said liquid crystal display a second legend indicative of said second control function of said thermostat, which second control function is for controlling the second space conditioning equipment component, which second control function is active when the second legend is viewable. |

17. On information and belief, Mr. Rosen and/or Mr. Bracken knew that the elements of Claim 1 of the '318 Patent that are not expressly included in the claims of the '069 Patent are likewise clearly anticipated by the Cardio System. For example, the "b) a first legend indicative of a first control function of said thermostat, which first control function is for controlling a first space conditioning equipment component, which first control function is active when the first legend is viewable" and "c) displaying on said liquid crystal display a second legend indicative of said second control function of said thermostat, which second control function is for controlling the second space conditioning equipment component, which second control function is active when the second legend is viewable" claim elements are clearly disclosed by the Cardio System at least at pages 7 and 44, as shown below.

18. The Cardio System has at least four control functions, or modes of operation, for controlling space conditioning equipment: heating, cooling, automatic, and fan control. The heating control function may control a heat pump or furnace, the cooling control function may control a HVAC system, the automatic control function may control the heat pump, furnace and/or a HVAC system, and the fan control function may control a fan. The screen of the Cardio Manual depicts legends indicative of the control functions of the thermostat. For example, the "heating/cooling status" legend depicts if the heating or cooling control functions are active and "activation and deactivation of the fan" legend depicts if the fan control function is active. As shown below, these legends are displayed on a liquid crystal display screen. *See* Statement Supplementing Statutory Disclaimer at 4 ("The framed portion of the above page is a pictorial shown on a dot-matrix liquid crystal display incorporating a touch sensitive later").




Cardio Manual at page 7.




Cardio Manual at page 44.

19. The Statement Supporting Statutory Disclaimer clearly states that the Cardio System discloses the "b) a first legend indicative of a first control function of said thermostat, which first control function is for controlling a first space conditioning equipment component,

which first control function is active when the first legend is viewable" and "c) displaying on said liquid crystal display a second legend indicative of said second control function of said thermostat, which second control function is for controlling the second space conditioning equipment component, which second control function is active when the second legend is viewable" claim elements of the '318 Patent. *See* Ex. 1, Statement Supplementing Statutory Disclaimer at 4 ("The LCD is shown with representations of several buttons, such as for increasing or decreasing heating or cooling setpoints shown immediately above the text 'HEATING' and 'COOLING'. When a user presses the button representations, a control program receives input that a specific button has been pressed. The control program uses that input potentially to respond with thermostat control functions for HVAC equipment. It is clear that the 'Cardio manual / Secant home automation inc' describes a programmable thermostat with a touch screen interface whose pictorial includes representations of virtual buttons.").

**The Failure to Disclose the Disclaimer is an Omission Material to Patentability**

20. Mr. Rosen's failure, and the failure of his patent attorney, to disclose the statutory disclaimer, statement supporting statutory disclaimer, declaration of inventor Mr. Rosen, and declaration of Jean Francois Boileau entered during prosecution of the '069 patent for the Examiner to consider during prosecution of the '318 patent is a material omission. The IDS entered during prosecution of the '318 patent disclosing the Cardio System is materially deficient as it does not include the statutory disclaimer, accompanying statement, or the declarations of Mr. Rosen and Jean Francois Boileau. The single best explanation for such deficiencies, omissions, and misrepresentations is that the applicant intended to deceive the PTO.

21. In his deposition, Mr. Rosen attempted to fabricate a post-hoc rationalization for why the declaration was not disclosed, as shown below:

> Q. All right. Now do you think that the examiner of the '318 Patent should have been told about your Declaration and the Statutory Statement Supplementing the Statutory Disclaimer?" … "THE WITNESS: I don't know the answer to that. I don't know if he was literally. I know that in the end, after going through all of the documents, I felt that it was not similar to the '318 Patent -- yes, to the '318 Patent. BY MR. WILLE: Q. And why was that, sir? A. Because it doesn't meet the descriptions of all of the embodiments at all. Q. Okay, well -- A. The product does not. ***Q. -- it does use virtual buttons, correct? A. No.*** Q. It doesn't'? A. No, not at all. They were just statically put on there and they would light up grey or black if they were on or off.

Ex. 2, Deposition of Mr. Rosen at 209:17-210:14 (emphasis added). This post-hoc rationalization that the Cardio System does not use virtual buttons directly contradicts both the prior art itself and the representations of Rosen's patent attorney to the Examiner during prosecution of the '069 Patent. *See* Ex. 1, Statement Supplementing Statutory Disclaimer at 4 ("It is clear that the 'Cardio manual / Secant home automation inc' describes a programmable thermostat with a touch screen interface whose pictorial includes representations of ***virtual buttons***") (emphasis added). The contradictory testimony of inventor Mr. Rosen is further evidence of intent to deceive the Patent Office.

22. Moreover, on information and belief, Mr. Rosen attempted to cover for his false misrepresentation and post-hoc rationalization by testifying in his deposition that his patent attorney lied to Patent Office in the Statement Supplementing Statutory Disclaimer. *See* Ex. 2, Deposition of Mr. Rosen at 213:10-18 ("Q. … [w]as your patent attorney lying to the Patent Office when he represented -- A. Yes. Q. -- "It is clear that the Cardio manual/Secant Home Automation describes -- A. He was. Q. -- a programmable thermostat -- 18 A. He absolutely was"). A knowingly false representation to the Patent Office clearly evidences an intent to deceive the Patent Office.

**The Material Omission Resulted From an Intent to Deceive**

23. In view of the above, the single most plausible explanation for the multiple

deficiencies, false statements, and selective misrepresentation of the prior art during the prosecution of the ’318 Patent is that the applicant was intentionally submitting an incomplete, insufficient, misleading, or untrue IDS that was material to patentability. “[I]ntentionally selective” nondisclosure of material information to the PTO can support a finding of materiality as well as intent. *Am. Calcar, Inc. v. Am. Honda Motor Co.*, 768 F.3d 1185, 1190 (Fed. Cir. 2014). Accordingly, the ’318 Patent is unenforceable due to inequitable conduct.

**Inequitable Conduct Also Occurred in Inter Partes Review Proceedings**

24. The ’318 patent is also unenforceable due to inequitable conduct that has occurred during Inter Partes Review proceedings (IPR 2022-01402) regarding the ’318 patent, the relevant facts and circumstances of which are set forth below.

25. The ’318 patent is unenforceable as a result of inequitable conduct by the sole inventor and Applicant of the Asserted Patents, Mr. Rosen, as well as possibly his attorney(s), and/or his agent(s) and/or other person(s) involved in defending the validity of the ’318 Patent during IPR 2022-01402. Mr. Rosen was subject to the duty of disclosure under 37 C.F.R. § 1.56.

26. Unified Patents filed a petition for *Inter Partes* Review of the ’318 Patent on August 29, 2022. *See* IPR 2022-01402, Paper 1. Rosen Technologies LLC filed a Patent Owner’s Preliminary Response on December 27, 2022. *See* IPR 2022-01402, Paper 6.

27. In its Patent Owner’s Preliminary Response (December 27, 2022) filed in IPR 2022-01402, Rosen asserted that “[t]hroughout the ’318 Patent, the inventor uses the term ‘legend’ for the content (e.g., text or numerical) displayed on the non-static virtual button which is changed by a touching of the virtual button.” *See id.* at 9. However, Rosen made this assertion without calling the Examiner’s attention to, or mentioning, a portion of the ’318 Patent’s specification that flatly contradicts its claim construction argument. *See* ’318 Patent at Col. 3, ll. 53-56 (“Thus, an

image representative of a first virtual button may be shown on the touch screen display with graphics (alphanumeric characters and/or icons) ***on or closely associated*** with the first virtual button.") (emphasis added).

28. Rosen also failed to disclose to the Patent Trial and Appeal Board that the attorney had previously represented to the Patent Office that the prior art had the capability of changing the legends of buttons since 1995. David Bracken submitted a signed declaration that reads:

> Pressing the virtual representation of a button titled "OTHERS" in the framed pictorial in the top part of page 7 causes that pictorial to change to the framed pictorial shown in the bottom part of page 7. It is clear that ***the Cardio product has had since 1995 the capability of substantially changing the display, including*** the location, ***legends and associated functions of virtual buttons*** on a touchscreen.

Ex. 1, Statement Supplementing Statutory Disclaimer at 5 (emphasis added).

29. Rosen's omission of critical and contradictory information in its Patent Owner's Preliminary Response submitted to the Patent Trial and Appeal Board—effectively cherry-picking what to disclose—invalidates the '318 Patent procured under such conduct because of fraud on the PTO. *See Rohm and Haas Co. v. Crystal Chemical Co.*, 722 F.2d 1556, 1562, 1570–71 (Fed. Cir. 1983) ("[T]here is no room to argue that submission of false affidavits is not material."). "[I]ntentionally selective" nondisclosure of material information to the PTO can similarly support a finding of materiality as well as intent. *Am. Calcar, Inc. v. Am. Honda Motor Co.*, 768 F.3d 1185, 1190 (Fed. Cir. 2014). Accordingly, the '318 Patent is unenforceable due to inequitable conduct.

**FOURTH DEFENSE: PROSECUTION HISTORY ESTOPPEL/DISCLAIMER**

30. Plaintiff's claims are barred in whole or in part by estoppel and/or disclaimer.

31. Plaintiff's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions,

omissions, representations, disclaimers, and/or disavowals made by the applicants during the prosecution of the patent applications resulting in the Asserted Patents and related applications.

**FIFTH DEFENSE: UNCLEAN HANDS**

32. Plaintiff is barred from recovery in whole or in part by the doctrines of equitable estoppel, unclean hands, or waiver.

33. For example, the '318 Patent is unenforceable under the doctrine of unclean hands because material prior art was withheld from the Examiner during the examination of the application that resulted in the '318 Patent. Plaintiff's actions show an unmistakable intent to deceive the Patent and Trademark Office in an unreasonable and unfair manner. In doing so, Plaintiff has engaged in misconduct that is directly related to Plaintiff's asserted patent infringement actions in this lawsuit, rendering Plaintiff's patents unenforceable.

34. The '318 patent is unenforceable under the doctrine of unclean hands because of inequitable conduct by the sole inventor and Applicant of the Asserted Patents, Mr. Rosen, as well as possibly his attorney(s), and/or his agent(s) and/or other person(s) involved in defending the validity of the '318 Patent during IPR 2022-01402. In its Patent Owner's Preliminary Response (December 27, 2022) filed in IPR 2022-01402, Plaintiff asserted that "[t]hroughout the '318 Patent, the inventor uses the term 'legend' for the content (e.g., text or numerical) displayed on the non-static virtual button which is changed by a touching of the virtual button." *See* IPR 2022-01402, Paper 6 at 9. However, Plaintiff made this assertion without calling the Examiner's attention to, or mentioning, a portion of the '318 Patent's specification that contradicts its claim construction argument. *See* '318 Patent at Col. 3, ll. 53-56 ("Thus, an image representative of a first virtual button may be shown on the touch screen display with graphics (alphanumeric characters and/or icons) ***on or closely associated*** with the first virtual button.") (emphasis added).

Plaintiff's omission of critical and contradictory information in its Patent Owner's Preliminary Response submitted to the Patent Trial and Appeal Board invalidates the '318 Patent procured under such conduct because of fraud on the PTO.

35. Lennox incorporates by reference the entirety of Lennox's Third Defense (Inequitable Conduct).

**SIXTH DEFENSE: LIMITATION ON DAMAGES**

36. Any potential recovery by Plaintiff is limited by statutory damages limitations, including without limitation 35 U.S.C. §§ 154, 286, 287, and/or 288. To the extent that Plaintiff seeks damages past the expiration of the asserted patents, its claims are barred, including under 35 U.S.C. § 154. To the extent Plaintiff seeks damages for alleged infringement more than six years prior to the filing of this civil action, its claims are barred by the statute of limitations under 35 U.S.C. § 286. Plaintiff's claims for damages are statutorily limited under 35 U.S.C. § 287 to the extent Plaintiff failed to properly mark any of its relevant products or failed to require others to mark any relevant products as required by 35 U.S.C. § 287. Plaintiff is also barred from recovering any costs associated with this civil action under 35 U.S.C. § 288.

**RESERVATION OF RIGHTS**

37. Lennox reserves the right to assert additional affirmative defenses that become available or appear during discovery proceedings in this action and reserves the right to amend this pleading and to assert any such additional affirmative defenses.

**COUNTERCLAIMS**

38. For its Counterclaims against Rosen, Lennox alleges as follows:

**THE PARTIES**

39. Lennox is a corporation organized and existing under the laws of Delaware, with a place of business at 2100 Lake Park Blvd., Richardson, TX 75080.

40. Upon information and belief, Rosen Technologies LLC is a Texas limited liability company with its principal place of business at 17330 Preston Road, Suite 200D, Dallas, Texas 75252.

**JURISDICTION AND VENUE**

41. This is action arises under the United States patent laws, 35 U.S.C. §§ 101, et seq., and includes a request for declaratory relief under 28 U.S.C. §§ 2201 and 2202.

42. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201, and 35 U.S.C. § 1, et seq.

43. Rosen is subject to general personal jurisdiction in this judicial district. This Court has personal jurisdiction over Rosen because Rosen has purposely availed itself of the privilege of conducting activities within this State and judicial District. For example, Rosen maintains continuous and systematic contacts with this District, including maintaining its principal place of business in Dallas, Texas.

44. In its Complaint, Rosen alleges that Lennox has infringed the Asserted Patents.

45. Based upon the filing of Rosen's Complaint, and the allegations contained therein, there exists an actual and justiciable controversy between Rosen and Lennox relating at least to Lennox's alleged infringement of the claims of the Asserted Patents, the validity of the claims of the Asserted Patents, and the enforceability of the claims of the Asserted Patents. Thus, Lennox requests a declaration from the Court in its favor with respect to the Counts listed below.

**COUNTERCLAIM COUNT ONE:**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT**

46. Lennox re-alleges and incorporates herein by reference Paragraphs 1-44 above.

47. Rosen has alleged that it owns all right, title, and interest in the Asserted Patents.

48. Rosen has alleged that Lennox infringes the Asserted Patents.

49. Lennox has not directly infringed, contributorily infringed, or induced infringement of any asserted valid claim of the Asserted Patents, either literally or under the doctrine of equivalents.

50. An actual and justiciable controversy exists between Rosen and Lennox concerning Lennox's noninfringement of the Asserted Patents.

51. Lennox seeks a declaration pursuant to 28 U.S.C. § 2201 stating that Lennox has not infringed, directly or indirectly, any asserted valid claim of the Asserted Patents, either literally or under the doctrine of equivalents.

**COUNTERCLAIM COUNT TWO:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE ASSERTED PATENTS**

52. Lennox re-alleges and incorporates herein by reference Paragraphs 1-50 above.

53. Rosen has alleged that the claims of the Asserted Patents are valid, and Lennox has alleged that the asserted claims of the Asserted Patents are invalid. An actual and justiciable controversy exists between Lennox and Rosen concerning the validity of the claims of the Asserted Patents.

54. All asserted claims of the Asserted Patents are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

55. Lennox requests a judicial determination and declaration that the asserted claims of the Asserted Patents are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNTERCLAIM COUNT THREE:**
**DECLARATORY JUDGMENT OF INEQUITABLE CONDUCT OF THE '318 PATENT**

56. Lennox re-alleges and incorporates herein by reference Paragraphs 1-54 above.

57. Rosen has alleged that the claims of the '318 patent are valid and enforceable, and Lennox has alleged that the claims of the '318 patent are unenforceable. An actual and justiciable controversy exists between Rosen and Lennox concerning the enforceability of the claims of the '318 patent.

58. As set forth above in Lennox's affirmative defenses, the '318 patent is unenforceable due to inequitable conduct.

59. Lennox requests a judicial determination and declaration that the '318 patent is unenforceable due to inequitable conduct.

## DEMAND FOR JURY TRIAL

60. Lennox requests a trial by jury of all issues in this action triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Lennox Industries Inc., prays that this Court enter a judgment in its favor and against Rosen Technologies LLC, as follows:

A. Entry of judgment in favor of Lennox, and against Plaintiff thereby dismissing Rosen Technologies LLC's Complaint in its entirety, with prejudice, with Plaintiff's taking nothing by way of its claims;

B. A declaration that each of the asserted claims of the Asserted Patents is invalid;

C. A declaration that each of the asserted claims of the Asserted Patents are not infringed;

D. A declaration that one or more of the Asserted Patents is unenforceable;

E. Entering judgment in favor of Lennox finding that this case is exceptional and awarding attorneys' fees and costs under 35 U.S.C. § 285 to Lennox;

F. Awarding all costs in the case to Lennox; and

G. Granting Lennox such other relief as the Court deems just and proper.

DATED: February 1, 2023

*/s/ David Wille*

David Wille
Texas Bar No. 785250
Samir Bhavsar
Texas Bar No. 798065
Morgan Mayne
Texas Bar No. 24084387
Caroline Duncan
Texas Bar No. 24108811
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: (214) 953-6595
Facsimile: (214) 953-4595
david.wille@bakerbotts.com
samir.bhavsar@bakerbotts.com
morgan.mayne@bakerbotts.com
caroline.duncan@bakerbotts.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record are being served today, February 1, 2023, with a copy of this document via electronic mail.

*/s/ David Wille*
David Wille