**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ROSEN TECHNOLOGIES LLC,<br>Plaintiff,<br>v.<br>LENNOX INDUSTRIES INC.,<br>Defendant. | Case No. 3:22-cv-732<br>**ANSWER TO COUNTERCLAIMS**<br>**JURY TRIAL DEMANDED** |

## ANSWER TO COUNTERCLAIMS

Plaintiff Rosen Technologies LLC ("Plaintiff") hereby answers Defendant Lennox Industries Inc.'s ("Defendant") Amended Counterclaims (Dkt. No. 50) by paragraph number as follows:

## COUNTERCLAIMS

38. Paragraph 38 contains no factual allegations requiring a response. To the extent that paragraph 38 may be deemed to make any factual allegations, Plaintiff denies any such allegations.

### THE PARTIES

39. Admitted.

40. Admitted.

### JURISDICTION AND VENUE

41. Admitted.

42. Admitted

43. Admitted.

44. Admitted.

45. Plaintiff admits that an actual and justiciable controversy exists between the parties as to Defendant's infringement of the Asserted Patents. Plaintiff further admits that Defendant seeks a judicial declaration as to its asserted counterclaims. However, Plaintiff denies that Defendant is entitled to any such relief. Except as so admitted, Plaintiff denies the remaining allegations in this paragraph.

**COUNTERCLAIM COUNT ONE:**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT**

46. Paragraph 46 contains no factual allegations requiring a response. To the extent that paragraph 46 may be deemed to make any factual allegations, Plaintiff denies any such allegations.

47. Admitted

48. Admitted

49. Denied.

50. Plaintiff admits that an actual and justiciable controversy exists between the parties as to Defendant's infringement of the Asserted Patents. Plaintiff admits that Defendant seeks a judicial declaration of non-infringement of the Asserted Patents. However, Plaintiff denies that Defendant is entitled to any such relief. Except as so admitted, Plaintiff denies the remaining allegations in this paragraph

51. Plaintiff admits that Defendant seeks a judicial declaration of non-infringement of the Asserted Patents. However, Plaintiff denies that Defendant is entitled to any such relief.

Except as so admitted, Plaintiff denies the remaining allegations in this paragraph.

**COUNTERCLAIM COUNT TWO:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE ASSERTED PATENTS**

52. Paragraph 52 contains no factual allegations requiring a response. To the extent that paragraph 52 may be deemed to make any factual allegations, Plaintiff denies any such allegations.

53. Admitted.

54. Denied.

55. Plaintiff admits that Defendant seeks a judicial declaration of invalidity of the Asserted Patents. However, Plaintiff denies that Defendant is entitled to any such relief. Except as so admitted, Plaintiff denies the remaining allegations in this paragraph.

**COUNTERCLAIM COUNT THREE:**
**DECLARATORY JUDGMENT OF INEQUITABLE CONDUCT OF THE '318 PATENT**

56. Paragraph 56 contains no factual allegations requiring a response. To the extent that paragraph 56 may be deemed to make any factual allegations, Plaintiff denies any such allegations.

57. Plaintiff admits that an actual and justiciable controversy exists between the parties as to Defendant's infringement of the Asserted Patents. Plaintiff admits that Defendant seeks a judicial declaration of unenforceability due to inequitable conduct regarding the '318 Patent. However, Plaintiff denies that Defendant is entitled to any such relief.

58. Denied.

59. Plaintiff admits that Defendant seeks a judicial declaration of unenforceability due to inequitable conduct regarding the '318 Patent. However, Plaintiff denies that Defendant is entitled to any such relief. Except as so admitted, Plaintiff denies the remaining allegations in

this paragraph.

**DEMAND FOR JURY TRIAL**

60. Defendant's Jury Demand is an averment to which no responsive pleading is required pursuant to Fed. R. Civ. P. 8 and is therefore denied.

**PRAYER FOR RELIEF**

Defendant's Prayer for Relief is an averment to which no responsive pleading is required pursuant to Fed. R. Civ. P. 8 and is therefore denied.

Dated: February 15, 2023

Respectfully submitted,

By: *<u>/s/ Hao Ni</u>*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Neal Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076572
smoore@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

***Attorneys for Plaintiff***
***Rosen Technologies LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of February, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the Northern District of Texas, Dallas Division using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Hao Ni*
Hao Ni